## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LEAH SAAD *<br>*On Behalf of Herself and All* *<br>*Other Similarly Situated Individuals* *<br>*<br>PLAINTIFF, *<br>*<br> v. *<br>*<br>AAK, INC. *<br>D/B/A RHODE ISLAND DOLLS *<br>*<br>DEFENDANT. * | Case No.: |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CLASS AND COLLECTIVE ACTION COMPLAINT

1.      This is a class and collective action brought by Plaintiff Leah Saad ("Plaintiff") against Defendant AAK, Inc. d/b/a Rhode Island Dolls located at 579 Front Street, Woonsocket, Rhode Island 02895 (hereafter "Rhode Island Dolls" or "Defendant").

2.      The class and collective is composed of female employees who, during the relevant time period of January 2017 through the date of judgment in this case ("the relevant period"), worked as exotic dancers for Defendant and were denied their fundamental rights under applicable state and federal laws.

3.      Specifically, Plaintiff complains that Defendant misclassified Plaintiff and all other members of the class and collective as "independent contractors."

4.      As a result, Defendant unlawfully deducted and assigned wages, tips, and gratuities belonging to Plaintiff and other members of the class and collective and failed to pay Plaintiff and all other members of the class and collective minimum wage compensation.

5.      On a class-wide basis, Defendant willfully and intentionally violated the wage payment and wage/gratuity retention rights of Plaintiff and all other exotic dancers at the Rhode Island

Dolls Club in direct violation of the Federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

("FLSA"), the Rhode Island Minimum Wage Act, Gen. Laws § 28-12-1, et seq., ("RIMWA")

and the Rhode Island Payment of Wages Law, Gen. Laws § 28-14-1, et seq. ("RIPWL")

6.    Plaintiff bring this class and collective action against Defendant seeking damages, back-

pay, restitution, liquidated damages, prejudgment interest, reasonable attorney's fees and costs,

and all other relief that the Court deems just, reasonable and equitable in the circumstances.

## PARTIES AND JURISDICTION

7.    Plaintiff is an adult resident of Worcester, Massachusetts.

8.    Plaintiff hereby affirms her consent to participate as a plaintiff and class representative in

a class and collective action under the FLSA, RIMWA, and the RIPWL.

9.    Defendant is a corporation, formed under the laws of Rhode Island, and operating as

Rhode Island Dolls, a gentlemen's club operating in Woonsocket, Rhode Island.

10.    At all times, Defendant, through its officers, managers, supervisors, and other employees

and contractors, controlled and dictated the day-to-day operations of Rhode Island Dolls.

11.    At all times, Defendant, individually or through agents or assigns, supervised and directed

the employment of Plaintiff and other exotic dancers.

12.    At all times, Defendant had the power to hire, discipline, suspend, or terminate the

employment of Plaintiff and other exotic dancers.

13.    Defendant qualified as Plaintiff's employer and the employer of all other exotic dancers

at the club, within the meaning of the FLSA, RIMWA, and the RIPWL.

14.    During the relevant period, Rhode Island Dolls had gross revenue and sales exceeding

$500,000.00, sold beer, wine, spirituous beverages, colas, and food that passed in interstate

commerce and otherwise qualified as an "enterprise engaged in commerce" under the FLSA.

15.     This Court has personal jurisdiction over Rhode Island Dolls, has "federal question" subject matter jurisdiction of the claims pursuant to 28 U.S.C. § 1331, has supplemental jurisdiction over the interrelated RIMWA and RIPWL state law claims, and constitutes proper venue pursuant to 28 U.S.C. § 1391.

## FACTS

16.     Plaintiff was employed as an exotic dancer by Rhode Island Dolls for the period of about December 2017 through about December 2018

17.     During the period of Plaintiff's employment, the number of shifts Plaintiff worked varied from week to week.

18.     During the period of Plaintiff's employment, the exact number of hours Plaintiff worked varied from week to week.

19.     On average, Plaintiff worked about twenty (20) to thirty (30) hours per week.

20.     On information and belief, Defendant has possession of time and/or sign in "house fee" payment records for Plaintiff and all other exotic dancers employed by Defendant during the relevant period.

21.     At all times, Defendant had actual knowledge of all hours Plaintiff and all other exotic dancers worked each shift through sign in or tip-in sheets, DJ records, and shift-managers monitoring and supervising Plaintiff's work duties and the work duties of other exotic dancers at Rhode Island Dolls.

22.     At no time during Plaintiff's period of employment did Defendant ever pay Plaintiff or any other exotic dancers any wages for hours that Plaintiff and other exotic dancers worked each week.

23.     At all times relevant, Defendant totally failed to pay wages or any kind of compensation

to Plaintiff and all other exotic dancers for work duties performed.

24.     At all times relevant, Defendant misclassified Plaintiff and all other exotic dancers at

Rhode Island Dolls as independent contractors when these individuals should have been

classified under the FLSA, RIMWA, and the RIPWL as employees.

25.     At all times, Defendant controlled all aspects of the job duties Plaintiff and all other

exotic dancers performed inside Rhode Island Dolls through employment rules and workplace

policies.

26.     At all times, Defendant controlled the method by which Plaintiff and all other exotic

dancers could earn money at Rhode Island Dolls by establishing dance orders, setting customer

prices on private and semi-private exotic dances, and setting private and semi-private dance

specials and promotions for customers.

27.     At all times, Defendant required Plaintiff and other exotic dancers to perform private and

semi-private dances under the pricing guidelines, policies, procedures, and promotions set

exclusively by Defendant.

28.     Defendant hired Plaintiff and all other exotic dancers and had the ability to discipline

them, fine them, fire them, and adjust their work schedules.

29.     Defendant, through supervisors and managers, supervised the duties of Plaintiff and all

other exotic dancers to make sure their job performance was of sufficient quality.

30.     Defendant conducted initial interviews and vetting procedures for Plaintiff and other

exotic dancers and, at Rhode Island Dolls' sole discretion, Defendant's management and/or

ownership could deny any Plaintiff or any other dancer access or ability to dance and/or work at

Rhode Island Dolls.

31.     At all times, Defendant had the right to suspend or send Plaintiff or other exotic dancers

home and away from Rhode Island Dolls if Plaintiff or other dancers violated rules or policies or
if Defendant's ownership or management, at its discretion, did not want Plaintiff or any other
dancer at Rhode Island Dolls.

32.     As a condition of employment with Defendant, Plaintiff and other dancers were not
required to have or possess any requisite certification, education, or specialized training.

33.     At all times relevant, Defendant was in the business of operating a night club featuring
exotic dancers and at all times it was the job duty of Plaintiff and each other exotic dancer to
perform as exotic dancers for Defendant's customers.

34.     In addition to failing to pay Plaintiff and all other exotic dancers any wages for hours
worked, Defendant required Plaintiff and all other exotic dancers to pay Rhode Island Dolls or
its ownership or management a house fee or kickback of $25.00-$50.00 or more for each shift
Plaintiff and the other exotic dancers worked.

35.     At all times during the relevant period, without legal excuse or justification, Defendant
regularly and customarily kept and/or assigned to management tips and gratuities Plaintiff and
other exotic dancers received from customers.

36.     For at least the past twenty (20) years, gentlemen's clubs like Rhode Island Dolls have
been sued for misclassifying exotic dancers as independent contractors and failing to pay
minimum wage compensation to exotic dancers as required by the FLSA and state wage and
hour laws.

37.     On information and belief, Defendant and its management had actual or constructive
knowledge of ongoing or past litigation by exotic dancers against gentlemen's clubs like Rhode
Island Dolls in which the exotic dancers challenged the so-called independent contractor
classification and otherwise sought to recover unpaid wages and damages under the FLSA state

wage and hour laws.

38.     On information and belief, Defendant and its management had actual or constructive knowledge that Plaintiff and other exotic dancers at Rhode Island Dolls were employees and not independent contractors and were owed minimum wage compensation under the FLSA, RIMWA, and the RIPWL.

39.     For the entire time period relevant to this action, Defendant has had actual or constructive knowledge Rhode Island Dolls misclassified Plaintiff and other exotic dancers at Rhode Island Dolls as independent contractors instead of as employees and that Defendant's failure to pay wages and charging unlawful kickbacks to Plaintiff and other exotic dancers was in direct violation of the FLSA, the RIMWA, and the RIPWL.

## CLASS ALLEGATIONS

40.     Plaintiff brings this action individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

41.     The Rule 23 Class is defined in this matter as all individuals, who at any time during the relevant time period, worked as an exotic dancer for Defendant at the Rhode Island Dolls Club; were misclassified by Defendant as independent contractors; were not paid minimum wage compensation as required by the RIMWA and RIPWL; and were subject to unlawful wage/gratuity deductions or assignments by Defendant or its agents or assigns (hereinafter, "the Class").

42.     On information and belief, the Class are believed to exceed fifty (50) current and former exotic dancers at Rhode Island Dolls and is therefore so numerous that joinder of all members is impracticable.

43.     There are questions of law and fact common to the Class that predominate over any

questions solely affecting individual members, including, but not limited to:

    i.    Whether Defendant violated Rhode Island law by classifying all exotic dancers at Rhode Island Dolls as "independent contractors," as opposed to employees, and not paying minimum wage compensation at least equal to the applicable Rhode Island Minimum Wage;

    ii.    Whether Defendant unlawfully required class members to pay Defendant money or kickbacks as a condition of working shifts at Defendant's club;

    iii.    Whether Defendant unlawfully required class members to split their tips with Defendant and and/or Defendant's managers;

    iv.    Whether the monies given to dancers by patrons when they perform private and semi-private dances are gratuities or "service fees."

    v.    Whether Defendant violated the RIMWA and/or the RIPWL; and

    vi.    The amount of damages and other relief (including statutory liquidated damages) owed by Defendant to Plaintiff and the Class.

44.    Plaintiff's claims are typical of those of the Class.

45.    Plaintiff, like other members of the Class, was misclassified as an independent contractor and denied her rights to wages and gratuities by Defendant under the RIMWA and the RIPWL.

46.    Defendant's misclassification of Plaintiff and denial of her rights to wages and gratuities was done pursuant to a common business practice which affected all Class members in a similar way.

47.    The named Plaintiff and the undersigned counsel are adequate representatives of the Class.

48.    Given Plaintiff's loss, Plaintiff has the incentive and is committed to the prosecution of

this action for the benefit of the Class.

49.     Plaintiff has no interests that are antagonistic to those of the Class or that would cause them to act adversely to the best interests of the Class.

50.     Plaintiff has retained counsel experienced in class and collective actions and, in particular, litigation of wage and hour disputes.

51.     This action is maintainable as a class action under Fed. R. Civ .P. 23(b)(1), 23(b)(2), and 23(c)(4) because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendant.

52.     This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class and because a class action is superior to other methods for the fair and efficient adjudication of this action.

## COLLECTIVE ACTION ALLEGATIONS

53.     Plaintiff is pursuing this lawsuit as collective action under FLSA Section 216(b) on behalf of herself and all other similarly situated individuals who at any time during the relevant time period worked for Defendant as an exotic dancer and was designated as an independent contractor and was not paid minimum wage compensation as required by the FLSA (hereinafter, "the Collective").

54.     Plaintiff and the members of the Collective are similarly situated because each were (1) improperly classified as independent contractors; (2) were not paid any wages by Defendant for hours worked; (3) were victims of tip theft whereby Defendant kept and/or assigned to management their tips and gratuities received from customers; (4) were required to pay per-shift

house fee or kickback to Defendant for each shift worked; and (5) were not paid wages at or above the Federal Minimum Wage of $7.25 for each hour worked.

55.     Plaintiff's damages are substantially similar to other members of the Collective because, under the FLSA, each are owed (1) a return of all house fee kickback payments made to Defendant for each shift worked; (2) reimbursement of all tips and gratuities taken and/or assigned by Defendant and/or Defendant's management; (3) payment for all hours worked in an amount equal to the Federal Minimum Wage of $7.25 per hour; plus (4) statutory liquidated damages as provided by Federal law for Defendant's failure to pay minimum wage compensation as required by the FLSA.

56.     On information and belief, Defendant has employed at least fifty (50) current and former exotic dancers at Rhode Island Dolls in the past three (3) years.

57.     On information and belief, Defendant is in custody, possession, and control of identifying records relating to all current and former exotic dancers employed by Defendant at Rhode Island Dolls in the past three (3) years.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FLSA
(Failure to Pay Statutory Minimum Wages)

58.     Plaintiff hereby incorporates all of the preceding paragraphs by reference as if fully set forth herein.

59.     The FLSA required Defendant to pay Plaintiff and other similarly situated exotic dancers at an hourly rate at least equal to the Federal Minimum Wage.

60.     The FLSA required that Defendant allow Plaintiff and other similarly situated exotic dancers to keep all tips and gratuities received from customers.

61.     As set forth above, Defendant failed to pay Plaintiff and other similarly situated exotic dancers at hourly rates in compliance with the FLSA Federal Minimum Wage requirements.

62.     Without legal excuse or justification, Defendant kept and/or assigned to management tips and gratuities received by Plaintiff and other exotic dancers and belonging to Plaintiff and other exotic dancers.

63.     Defendant's failure to pay Plaintiff and other similarly situated exotic dancers as required by the FLSA was willful and intentional and was not in good faith.

COUNT II
VIOLATION OF RHODE ISLAND MINIMUM WAGE ACT
(Failure to Pay Statutory Minimum Wage)

64.     Plaintiff hereby incorporates all of the preceding paragraphs by reference as if fully set forth herein.

65.     The RIMWA required Defendant to pay Plaintiff and other similarly situated exotic dancers at an hourly rate at least equal to the Rhode Island Minimum Wage.

66.     The RIMWA required that Defendant allow Plaintiff and other similarly situated exotic dancers to keep all tips and gratuities received from customers.

67.     As set forth above, Defendant failed to pay Plaintiff and other similarly situated exotic dancers at hourly rates in compliance with the RIMWA Rhode Island Minimum Wage requirements.

68.     Without legal excuse or justification, Defendant kept and/or assigned to management tips and gratuities received by Plaintiff and other exotic dancers and belonging to Plaintiff and other exotic dancers.

69.     Defendant's failure to pay Plaintiff and other similarly situated exotic dancers as required by the RIMWA was willful and intentional and was not in good faith.

10

COUNT III
VIOLATION OF THE RHODE ISLAND PAYMENT OF WAGES LAW
(Unlawful Wage Deductions, Kickbacks, Fees, Fines, and Assignments)

70.    Plaintiff hereby incorporates all the preceding paragraphs by reference as if fully set forth herein.

71.    As set forth above, Defendant's requirement that Plaintiff and other exotic dancers at the club pay "shift fees" and "fines" in order to work at the Rhode Island Dolls violates sections 28-14-2 and 28-14-2.2 of the Rhode Island Payment of Wages Law.

72.    The RIPWL forbids unlawful and unauthorized wage deductions, kickbacks, fees, fines, or assignments from employee wages and guarantees that employees are entitled to receive and keep the full balance of wages earned each pay period.

73.    As set forth above, without legal excuse or justification, Defendant kept, charged, and assigned Plaintiff and other exotic dancers various fees, fines, kickbacks, and deductions as a condition of employment and ongoing employment at the Rhode Island Dolls club.

74.    Defendant's unlawful deductions, kickbacks, fees, fines, and assignments from the wages of Plaintiff and other similarly situated exotic dancers was willful and intentional and was in direct violation of protections set forth under the RIPWL.

**RELIEF SOUGHT**

WHEREFORE, Plaintiff, individually and on behalf of those similarly situated, prays for relief as follows:

A.  Permitting Plaintiff's Class claims under the RIMWA and RIPWL to proceed as a Class Action under Federal Rule of Civil Procedure 23;

B.  Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not

lost to the FLSA statute of limitations;

C.   Judgment against Defendant for failing to pay free and clear minimum wage compensation to Plaintiff and other similarly situated individuals as required by the RIMWA and the RIPWL;

D.   Judgment against Defendant for failing to pay free and clear minimum wage compensation to Plaintiff and other similarly situated individuals as required by the FLSA;

E.   Judgment against Defendant for unlawfully taking and/or assigning tips and gratuities belonging to Plaintiff and other similarly situated individuals;

F.   Judgment against Defendant for unlawfully taking deductions, kickbacks, fees, fines, and assignments from wages of Plaintiff and other similarly situated individuals.

G.   Judgment that Defendant's violations of the RIMWA and RIPWL minimum wage and wage payments requirements were not the product of good faith on the part of Defendant;

H.   Judgment that Defendant's violations of the FLSA minimum wage requirements were not the product of good faith on the part of Defendant;

I.   Judgment that Defendant's violations of the RIMWA and RIPWL minimum wage and wage payment requirements were willful;

J.   Judgment that Defendant's violations of the FLSA minimum wage requirements were willful;

K.   An award to Plaintiff and those similarly situated in the amount of all free and clear unpaid wages found to be due and owing to Plaintiff and each similarly situated individual;

L.   An award to Plaintiff and those similarly situated in the amount of all tips and gratuities unlawfully taken and/or assigned by Defendant and/or Defendant's management;

M.   An award to Plaintiff and those similarly situated in the amount of all deductions,

kickbacks, fees, fines, and assignments from wages taken and/or assigned by Defendant and/or Defendant's management;

    N.  An award of statutory liquidated damages in amounts prescribed by the RIMWA;

    O.  An award of statutory liquidated damages in amounts prescribed by the RIPWL.

    P.  An award of statutory liquidated damages in amounts prescribed by the FLSA;

    Q.  An award of attorneys' fees and costs to be determined by post-trial petition;

    R.  Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

    S.  Such further relief as may be necessary and appropriate.

Respectfully submitted,

Dated: January 8, 2020

/s/ V. Edward Formisano
V. Edward Formisano (#5512)
E-mail: edf@formisanoandcompany.com


/s/ Michael D. Pushee
Michael D. Pushee (#6948)
Formisano & Co., P.C.
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9691 (ph)
E-mail: mpushee@formisanoandcompany.com


/s/ Gregg C. Greenberg
Gregg C. Greenberg (MD Fed. Bar No. 17291)
(To Be Admitted Pro Hac Vice)
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email: GGreenberg@ZAGFirm.com

*Counsel for Plaintiff and the Class / Collective*

## **CERTIFICATION**

I hereby certify that the within document has been electronically filed with the Court on this 8th day of January, 2020 and is available for viewing and downloading from the ECF system.

/s/ Michael D. Pushee